# LOUIS WILSON v. JOHN PALMGREN.[1]

February 27, 1914.

Nos. 18,416—(280).

**Boundary.**

The evidence being conflicting, the question of the location of the dividing line was for the jury. The evidence was sufficient to sustain the verdict. [Reporter.]

[1] Reported in 145 N. W. 1077.

Action in ejectment in the district court for Hennepin county and for $100 for the use and occupation of the premises described. The case was tried before Jelley, J., who denied plaintiff's motion for a directed verdict in his favor, and a jury which returned a verdict in favor of defendant. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*James A. Peterson*, for appellant.

*Paul J. Marwin*, for respondent.


PER CURIAM.

Plaintiff owns lot 6, block 1, of an addition to Minneapolis, and defendant owns lot 5 in the same block. The lots adjoin and front on the west side of Washington avenue; each is 40 feet in width and 125 feet in depth. Defendant in the fall of 1912 erected on his lot a two-story store building. Plaintiff brought this action to recover a narrow triangular strip of his lot which he claimed defendant's building encroached upon. The precise claim was that the building, which was 62 feet long, was at its rear end three-tenths of a foot over on lot 6, and at its front wholly on lot 5 and one-tenth of a foot from the dividing line. The case was tried to a jury and a verdict for defendant rendered. Plaintiff moved for a new trial, and took this appeal from an order denying his motion.

The chief contention of plaintiff is that the evidence in support of his claim as to the location of the dividing line between his lot and defendant's was conclusive, or at least that it was so weighty that we should reverse the order denying a new trial. The argument is that the survey under which he claims was based upon the original stakes or monuments placed at the time of the original plat and survey of the lots, and therefore that the rule applies that the monuments control, rather than courses and distances. But the original stakes had disappeared, their location as claimed by plaintiff was not established by evidence that was any more satisfactory than the evidence that tended to establish the line to be as claimed by defendant. It would serve no purpose to discuss the evidence further. We hold that it was sufficient to justify the submission of the issue to the jury, and to sustain the verdict.

The assignments of error relating to rulings on the admission of evidence and to instructions to the jury are without merit.

Order affirmed.